IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNSIGHT INSTRUMENTS, LLC,
A Florida company,

        Plaintiff,

vs.

Case No.: 6:16-CV-818-ORL-31-DAB

MULTIWAVE SENSORS, INC., a
Canadian corporation,

JURY TRIAL REQUESTED

        Defendant.

INJUNCTIVE RELIEF REQUESTED

_____/

## COMPLAINT

Plaintiff Sunsight Instruments, LLC, through its undersigned counsel, for its Complaint against Defendant Multiwave Sensors, Inc., and states as follows:

## THE PARTIES

1. Plaintiff Sunsight Instruments, LLC ("Sunsight"), is a Florida limited liability company having offices at 125 Candace Drive, Maitland, FL 32751.

2. Upon information and belief, Defendant Multiwave Sensors, Inc. ("Multiwave"), is a Canadian corporation incorporated under the laws of the Province of Ontario, headquartered in Bolton, Ontario.

## JURISDICTION AND VENUE

3. This is a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 seeking a final judgment that Plaintiff has not infringed Defendant's United States patent, and that Defendant's United States patent is invalid pursuant to the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. §§ 101 *et seq.*). The

Court likewise has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as it involves substantial claims arising under the patent laws of the United States together with related claims for patent infringement.

4. Defendant has subjected themselves to *in personam* jurisdiction, since they have pursued legal action for patent infringement against Sunsight, which resides in and manufactures the products at issue in Florida.

5. As set forth in 35 U.S.C. §293, foreign patent owners also subject themselves to the jurisdiction of the United States for purposes of any action respecting a U.S. patent or the rights thereunder. Upon information and belief, there is no more appropriate jurisdiction to litigate Defendant's threats of patent infringement that this state and district.

6. Upon information and belief, Defendant conducts substantial and not isolated business throughout the United States. The activities carried out by Defendant include offers for sale and sales through advertisements, through offers for sale at trade shows throughout the United States, and/or direct sales to customers throughout the United States. Upon further information and belief, Defendant does not have a regular place of business within the United States and is subject to general personal jurisdiction in the United States consistent with its due process rights.

7. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§1391(b) and (c).

## FACTUAL BACKGROUND

8.  Sunsight manufactures and sells antenna alignment tools, including the Sunsight AAT Classic, and the AAT-XX systems. Among the systems sold by Sunsight are the AAT-08, AAT-15 and AAT-30 (hereinafter the "Accused Products").

9.  Provisional Patent Application No. 61/315,581 was filed on March 19, 2010, by Eduardo Krupnik on behalf of the named inventors.

10. Application No. 61/315,581 identified as admitted prior art the Sunsight AAT, and included a poor quality image of the Sunsight AAT:



FIG. 1

11. The corresponding utility application, Serial No. 13/051,865, was filed by Eduardo Krupnik on behalf of the named inventors March 18, 2011, and originally included the same descriptive portion for the prior art Sunsight AAT along with the same informal drawing of FIG. 1 from the provisional patent application.

3

12. When the formal drawings were filed for Serial No. 13/051,865 by Eduardo Krupnik, a different FIG. 1 was provided as shown below, wherein the securing means was deleted:



**FIG. 1** (PRIOR ART)

13. In an Official Action mailed on March 28, 2012, all of the originally filed claims were rejected over the prior art, including the Applicant Admitted Prior Art ("AAPA") of the Sunsight AAT shown in FIG. 1, the AAPA of FIG. 2, and the cited Zimmerman et al. patent (6,232,928).

14. On July 30, 2012, Eugene Gierczak filed amendments to the claims and arguments in response to the March 28, 2012, Office Action.

15. In the July 30, 2012 response, Applicants and their agent, Gierczak, distinguished over the Sunsight AAT by mischaracterizing the Sunsight AAT tool, and specifically the securing means, arguing:

> FIG. 1 does not show an apparatus for removeably retaining an antenna in a reference position that is in reference to a back wall of the antenna during

4

alignment of the antenna, said apparatus comprising a securing means attached to the bracket, said securing means being operable to retain the antenna in the reference position and including an adjustable flexible strap conformable to one or more of the front and side walls of the antenna, and a tightening mechanism operable to tighten and release the flexible strap to an appropriate tension in relation to the antenna, as is disclosed and claimed in the present application.

16. In the Examiner's Reasons for Allowance mailed on January 3, 2013, the examiner specifically adopted and relied on the mischaracterizations by inventors and their agent.

17. Upon information and belief, Defendant is the owner of the U.S. Patent No. 8,436,779 ("the '779 Patent"), claiming priority back to Provisional Application No. 61/315,581 and Application No. 13/051,865, which issued on May 7, 2013, and is entitled "Apparatus for Aligning an Antenna in a Reference Position."

18. On February 23, 2016, Defendant filed an action in the United States District Court for the Southern District of New York, charging Sunsight with infringement of the '779 Patent. This action is Case No. 1:16-cv-01361-GHW. A copy of the '779 Patent is attached hereto as Exhibit A.

19. Upon information and belief, Defendant had no specific connection with the Southern District of New York, as Defendant's principal place of business is found in the Canada. Similarly, Sunsight has no regular place of business in New York and has not sold any of the Accused Products in New York.

20. Defendant's lawsuit alleging infringement presents a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to Sunsight's non-infringement and the invalidity of the '779 Patent.

21. Sunsight has not infringed, directly or indirectly, any valid claim of the '779 Patent, and cannot therefore be liable for infringement.

## COUNT ONE
### Declaratory Judgment of Non-Infringement of the '779 Patent

22. Count One is an action under 28 U.S.C. § 2201 seeking a Declaratory Judgment that Sunsight does not infringe the Patents-in-Suit.

23. Sunsight herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-21, above, inclusive.

24. No product or system made, used, sold or offered for sale by Sunsight infringes any valid claim of the '779 Patent.

25. The conduct of Defendant has presented a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to Sunsight's non-infringement of the '779 Patent.

26. Wherefore, Sunsight is entitled to a Declaratory Judgment that it does not directly or indirectly infringe any valid claim of the '779 Patent, whether under a theory of literal infringement or infringement under the doctrine of equivalents.

27. This case is exceptional under 35 U.S.C. § 285.

WHEREFORE, Sunsight asks this Court to enter judgment against Defendant:

   a) Finding the Patents-in-Suit not infringed by any products of Sunsight;

   b) Prohibiting Defendant from making further claims of litigation against Sunsight for patent infringement;

6

  c)  Finding this case is exceptional under 35 U.S.C. §285, awarding Sunsight its attorneys' fees and costs; and

  d)  Such and other relief as the Court deems appropriate.

## COUNT TWO
### Declaratory Judgment of Invalidity of the '779 Patent

28. Count Two is an action under 28 U.S.C. § 2201 seeking a Declaratory Judgment that the '779 Patent is invalid.

29. Sunsight herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-21, above, inclusive.

30. Upon information and belief, one or more claims of the '779 Patent is invalid for violation of one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

31. The conduct of Defendant presents a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to the invalidity of the '779 Patent.

32. Wherefore, Sunsight is entitled to a Declaratory Judgment that the '779 Patent is invalid under 35 U.S.C. §§102, 103 and/or 112.

33. This case is exceptional under 35 U.S.C. § 285.

WHEREFORE, Sunsight asks this Court to enter judgment against Defendant:

  a)  Finding the '779 Patent invalid;

  b)  Prohibiting Defendant from making further claims of litigation against Sunsight for patent infringement;

  c)  Finding this case is exceptional under 35 U.S.C. §285, awarding Sunsight its attorneys' fees and costs; and

d) Such and other relief as the Court deems appropriate.

## COUNT THREE
### Declaratory Judgment of Unenforceability of the '779 Patent

34. Count Three is an action under 28 U.S.C. § 2201 seeking a Declaratory Judgment that the '779 Patent is unenforceable.

35. Sunsight herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-21, above, inclusive.

36. Upon information and belief, one or more claims of the '779 Patent is unenforceable due to inequitable conduct.

37. During prosecution of the '779 Patent, Applicants Bruce Clifford, Mark Frischman, and Agent Eduardo Krupnik submitted replacement drawings of the admitted prior art Sunsight AAT that specifically deleted the securing means, which was a material misrepresentation of the admitted prior art.

38. Upon information and belief, Bruce Clifford, Mark Frischman, and Agent Eduardo Krupnik intended to deceive the USPTO by using incomplete and inaccurate replacement drawing that were deceptive and false.

39. Upon information and belief, but for the submission of replacement drawings that omitted the securing means in the admitted prior art, the '779 Patent would not have issued.

40. During prosecution of the '779 Patent, Applicants Bruce Clifford, Mark Frischman, and Agent Eugene Gierczak submitted argument that mischaracterized the securing means of the admitted prior art Sunsight AAT, which was a material misrepresentation of the admitted prior art.

8

41. Upon information and belief, Bruce Clifford, Mark Frischman, and Agent Eugene Gierczak knew the argument made mischaracterizing the admitted prior art Sunsight AAT to be deceptive and false.

42. Upon information and belief, Bruce Clifford, Mark Frischman, and Agent Eugene Gierczak intended to deceive the USPTO by mischaracterizing the prior art with statements that were deceptive and false.

43. Upon information and belief, but for the argument mischaracterizing the securing means of the admitted prior art Sunsight AAT, the '779 Patent would not have issued.

44. Wherefore, Sunsight is entitled to a Declaratory Judgment that the '779 Patent is unenforceable due to inequitable conduct.

45. The conduct of Defendant presents a substantial controversy between the parties, who have adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to the unenforceability of the '779 Patent.

46. This case is exceptional under 35 U.S.C. § 285.

WHEREFORE, Sunsight asks this Court to enter judgment against Defendant:

    e) Finding the '779 Patent uninforceable;

    f) Prohibiting Defendant from making further claims of litigation against Sunsight for patent infringement;

    g) Finding this case is exceptional under 35 U.S.C. §285, awarding Sunsight its attorneys' fees and costs; and

    h) Such and other relief as the Court deems appropriate.

## JURY DEMAND

Sunsight demands a jury trial on all issues so triable.

Respectfully submitted May 13, 2016.

_____
Ryan T. Santurri, FL Bar No. 015698
rsanturri@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, #1401
Orlando, FL  32801
Telephone:	(407) 841-2330
Facsimile:	(407) 841-2343

Attorneys for Plaintiff,
SUNSIGHT INSTRUMENTS, LLC

10